*644 MEMORANDUM *
Members of a longshoreman’s union appeal the district court’s grant of summary-judgment in favor of the International Longshore and Warehouse Union (“Union”).
The appeal is timely because a notice of appeal was filed within thirty days after the district court entered judgment for the Union. Fed. R.App. P. 4(a)(1)(A). The February 6, 2006 summary judgment order (“February 6 order”) was not a final, appealable order because it did not fully dispose of all claims among all parties and the district court did not enter final judgment until August 2006. Cheng v. Comm’r, 878 F.2d 306, 309 (9th Cir.1989); see also 28 U.S.C. § 1291; Fed.R.Civ.P. 54(b).
We review the district court’s February 6, 2006 order even though it was not designated in or attached to the notice of appeal. See Fed. R.App. P. 3(c)(1)(B); 9th Cir. R. 3-4(a). Intent to appeal the February 6 order can be fairly inferred by the appeal of the final judgment order entered in favor of all defendants, including the Union. For the Union, the sole basis of that judgment was the February 6 order. The Union was not prejudiced. It was served with the notice of appeal, and gave a detailed response to appellants’ arguments regarding the February 6 order in its opening appellate brief. See Lolli v. County of Orange, 351 F.3d 410, 414-15 (9th Cir.2003).
Assuming without deciding that the Union was vicariously liable for the actions of Local 13 and owed a duty of fair representation to the union members, the Union was entitled to summary judgment because there was no genuine issue as to any material fact. Fed. R. Civ. P. 56(c).
Appellants did not establish a genuine issue of material fact as to favoritism or nepotism in the clerk promotions. The feelings and suspicions expressed by Battle and Barlow are not evidence of discrimination. See Witherow v. Paff, 52 F.3d 264, 266 (9th Cir.1995); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Koire’s deposition similarly contains no admissible evidence of favoritism in the employer’s picks. Even if they had proffered admissible evidence, the Union was still entitled to judgment as a matter of law because section 9 of the Pacific Coast Longshore Contract Document (“contract”) does not prohibit favoritism and section 8.43 does not apply to clerk promotions. See United States v. Sacramento Mun. Util. Dist., 652 F.2d 1341, 1344 (9th Cir.1981); Miller v. United States, 363 F.3d 999, 1003-04 (9th Cir.2004).
Appellants also failed to establish a genuine issue of material fact as to whether there was racial discrimination in the clerk promotions. The feelings and suspicions expressed by Battle and Barlow are not proof of discrimination. See Witherow, 52 F.3d at 266.
Assuming without deciding that the Union owed members of Local 13 a duty of fair representation under section 17, appellants have not established a genuine issue of material fact as to whether the Union breached this duty. See Vaca v. Sipes, 386 U.S. 171, 190, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967); Burkevich v. Air Line Pilots Ass’n, Int’l, 894 F.2d 346, 349-50 (9th Cir.1990) (requiring the conduct to be discriminatory or in bad faith). As to Koire, there *645 is undisputed evidence that the Joint Port Clerks Labor Relations Committee and the Area Labor Relations Committee are processing his grievances in accord with the proper five-year track. Vaca, 386 U.S. at 190, 87 S.Ct. 903.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.